UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**In re:**  Chapter 7

**ANTHONY S. CONNER**  Case No. 12-72146
**HEATHER CONNER,**
    **Debtors.**

MEMORANDUM DECISION
DENYING DEBTOR'S MOTION TO REOPEN CASE

This matter is before the Court upon the Debtors' motion to reopen their case. For the reasons set forth herein, the Court denies the motion.

FINDINGS OF FACT

On December 5, 2012, Anthony and Heather Conner filed a petition under Chapter 7. One month later, on January 7, 2013, the Trustee filed a Report of No Distribution, and two months thereafter, on March 5, 2013, Mr. and Mrs. Conner received a Chapter 7 discharge. Nearly a year later, on February 11, 2014, the debtors moved to reopen their case. The debtors cite as their grounds, "they have learned it will help them reestablish their credit rating if the debt [on their mortgage] is reaffirmed." Motion to Reopen Case at 1, *In re Conner*, 12-72146 (Bankr. W.D. Va. Feb. 11, 2014) ECF Doc. No. 12 [hereinafter *Motion to Reopen*]. The debtors cite no other basis for reopening their case.

CONCLUSIONS OF LAW

The closing and reopening of a case in bankruptcy is governed by Bankruptcy code section 350 and Bankruptcy Rule 5010. *See* 11 U.S.C. § 350 & FED. R. BANKR. P. 5010. Section 350(b) of the Bankruptcy Code provides the court with the authority to reopen a debtor's closed case to administer assets, accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b). The Fourth Circuit has adopted a discretionary approach to reopening under section 350(b) and has

held that the debtor's "right to reopen a case depends upon the circumstances of the individual case . . . ." *Hawkins v. Landmark Finance Company (In re Hawkins)*, 727 F.2d 324, 326 (4th Cir. 1984). The decision whether to reopen the debtors' case is a decision committed to the court's discretion, *id*., and should be granted liberally. *In re Potes*, 336 B.R. 731, 732 (Bankr. E.D. Va. 2005). In making such a determination, the court must balance the need to avoid determining the merits of the debtor's underlying action twice and the need to avoid reopening cases for futile endeavors not capable of providing the debtors with relief. *See In re Jones*, 367 B.R. 564, 567 (Bankr. E.D. Va. 2007); *Potes*, 336 B.R. at 732.

In this case, Mr. and Mrs. Conner seek to reopen their case, ostensibly to accord relief by permitting them to reaffirm a mortgage debt and thus "to help them reestablish their credit rating." *Motion to Reopen* at 1. Absent a showing that the court may grant this relief to the debtors, reopening the bankruptcy case would be pointless.

Bankruptcy Code section 524 governs the reaffirmation of prepetition debts. Under this section, the court may approve a reaffirmation agreement only if the agreement meets certain requirements. Among these requirements are that the agreement was entered into prior to the debtors' discharge, that it is filed with the court, and that it has not been rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court. 11 U.S.C. § 524(c). As the debtors have made no request to vacate or otherwise rescind the order of discharge, it appears that the court must deny the request to approve the reaffirmation agreement as untimely. Furthermore, the debtors have provided no explanation for how the filing of a reaffirmation agreement would, by itself, "reestablish the debtors' credit rating." Finally, the debtors have failed to show how establishment of a favorable credit rating is the type of relief this court has the ability to award. Absent a showing that reopening will afford relief to the

debtor, the court will not reopen the case. *See Pennington-Thurman v. Bank of Am. N.A. (In re Pennington-Thurman)*, 499 B.R. 329, 331 (B.A.P. 8th Cir. 2013) (noting that a key factor in determining cause to reopen a bankruptcy case is whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion to reopen).

For the reasons set forth above, the Court denies the debtors' motion to reopen the case. The Court will enter an order denying the motion.

Dated:   3/5/14

_____
Rebecca B. Connelly
Chief, United States Bankruptcy Judge